JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01312-RGK (JEMx) | Date | March 15, 2021 |
|---|---|---|---|
| Title | ***ANDREW BARACCO v. FEDEX CORPORATE SERVICES, INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On December 12, 2020, Andrew Baracco ("Plaintiff") filed a complaint against Fedex Corporate Services, Inc. ("Defendant") alleging that Defendant's website is inaccessible to persons with disabilities. Plaintiff sets forth one claim under UNRUH, seeking damages and injunctive relief.

On February 12, 2021, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff expressly alleges an amount in controversy limited to costs of injunctive relief no greater than $15,000, and damages under UNRUH no greater than $34,999. Plaintiff also requests attorneys fees and costs. In its Notice of Removal, Defendant states that, annually, it currently expends well over the jurisdictional minimum on digital accessibility. Therefore, it is unreasonable to cap the value of the injunctive relief Plaintiff seeks to $15,000. Upon review of Defendant's notice, however, the Court finds Defendant's assertions unconvincing for two reasons: (1) the amount it currently spends on digital accessibility is only tangentially related to the amount possibly

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01312-RGK (JEMx) | Date | March 15, 2021 |
|---|---|---|---|
| Title | *ANDREW BARACCO v. FEDEX CORPORATE SERVICES, INC., et al* | | |

required to specifically address Plaintiff's complaint; and (2) Defendant has provided insufficient evidence to show that such modifications would result in the jurisdictional minimum being met.

Therefore, the Court finds that Defendant has failed to plausibly allege that the amount in controversy exceeds $75,000, particularly in light of the amount in controversy having been stated in the complaint.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer